1

2

3

4                        UNITED STATES DISTRICT COURT

5                       EASTERN DISTRICT OF CALIFORNIA

6

7   HAROLD and DOROTHY BENNETT,        No.  1:14-cv-01377-GEB-JLT

8              Plaintiffs,

9        v.                            **STATUS  (PRETRIAL SCHEDULING)
                                       ORDER**
10  STATE FARM GENERAL INSURANCE
    COMPANY,
11
               Defendant[*].
12

13

14          The  status  (pretrial  scheduling)  conference  scheduled

15   for  hearing  on  June  8,  2015,  is  vacated  since  the  parties'

16   "Further  Joint  Status  Report"  filed  on  May  22,  2015  ("JSR")

17   indicates  the  following  Order  should  issue.

18                      DISMISSAL OF DOE DEFENDANTS

19          Since  Plaintiffs  have  not  justified  Doe  defendants

20   remaining  in  this  action,  Does  1-100  are  dismissed.  See  Order

21   Setting  Status  (Pretrial  Scheduling)  Conference  filed  September

22   4,  2014,  at  2  n.2  (indicating  that  if  justification  for  "Doe"

23   defendant  allegations  not  provided  Doe  defendants  would  be

24   dismissed).

25        SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

26          Plaintiffs state in the JSR:

27   _____

28   [*]    The  caption  has  been  amended  according  to  the  Dismissal  of  Doe
     Defendants  portion  of  this  Order.

                                    1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The conservator of Plaintiff Harold Bennett is his daughter, Dorothy Picking. Dorothy Picking is represented by Larry R. Cox of The Law Offices of Young Wooldridge, LLP in Bakersfield, CA for purposes of the conservatorship proceedings related to Harold Bennett. Plaintiff's attorneys have been in steady contact with attorney Larry Cox regarding the substitution. Ms. Picking has agreed to be substituted as the real party in interest in this action in her capacity as conservator of Harold Bennett pursuant to section 2463 of the California Probate Code. Ms. Picking is represented by Craig A. Miller and Patrick A. Calhoon at the Law Offices of Craig A. Miller in her capacity as the conservator of Harold Bennett in connection with this action.

Defendant State Farm does not oppose the substitution of Dorothy Picking, conservator of Harold Bennett, as the real party in interest in this action. Accordingly, Plaintiff will file a joint motion and stipulation of the parties to substitute Dorothy Picking as plaintiff in her capacity as conservator of Harold Bennett. Plaintiff is endeavoring to file this motion during the week of May 25, 2015 to May 29, 2015.

With respect to Plaintiff Dorothy Bennett, Plaintiffs anticipate that Dorothy Picking will continue the action as the successor in interest to her mother pursuant to section 377.11 of the California Probate Code. This can also be accomplished through a joint motion and stipulation. Plaintiff is endeavoring to file the necessary affidavit and Joint Motion and Stipulation of the parties with this Court during the week of May 25, 2015 to May 29, 2015.

(JSR 2:9-26, ECF No. 18.)

Therefore, Plaintiffs have until June 1, 2015, to file a joint motion and stipulation concerning the referenced substitution of parties, after which time no further service, joinder of parties, or amendments to the pleadings is permitted, except with leave of Court for good cause shown.

2

1    <u>ADDED PARTY'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER</u>

2       If Plaintiffs substitute a party pursuant to the leave

3 given above, a copy of this Order shall be served on that party

4 concurrently with the service of process.

5       The newly added party has 30 days after said service

6 within which to file a "Notice of Proposed Modification of Status

7 Order." Although a newly-joined party's proposed modification

8 filed within this thirty day period will not have to meet the

9 good cause standard, no further amendments will be permitted,

10 except with leave of Court for good cause shown.

11                           <u>DISCOVERY</u>

12       All discovery shall be completed by April 20, 2016.

13 "Completed" means all discovery shall be conducted so that any

14 dispute relative to discovery shall have been resolved by

15 appropriate orders, if necessary, and, where discovery has been

16 ordered, the order has been complied with on or before the

17 prescribed "completion" date.

18       Each party shall comply with Federal Rule of Civil

19 Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure

20 requirements on or before December 16, 2015, and any

21 contradictory and/or rebuttal expert disclosure authorized under

22 Rule 26(a)(2)(D)(ii) on or before January 13, 2016.

23               <u>MOTION HEARING SCHEDULE</u>

24       The last hearing date for a motion is June 20, 2016,

25 commencing at 9:00 a.m. Any motion shall be briefed as prescribed

26 in Local Rule 230.

27       The parties are cautioned that an untimely motion

28 characterized as a motion in limine may be summarily denied.

1

<u>FINAL PRETRIAL CONFERENCE</u>

2  The final pretrial conference is scheduled to commence
3  at 2:30 p.m., on August 15, 2016. The parties are cautioned that
4  the lead attorney who WILL TRY THE CASE for each party shall
5  attend the final pretrial conference. In addition, all persons
6  representing themselves and appearing in propria persona must
7  attend the pretrial conference.

8  The parties shall file a JOINT pretrial statement no
9  later than seven (7) calendar days prior to the final pretrial
10 conference. **The joint pretrial statement shall address the**
11 **applicable portions of Local Rule 281(b), and shall set forth**
12 **each theory of liability ("claim") and affirmative defense which**
13 **remains to be tried, and the ultimate facts on which each**
14 **claim/defense is based.** Furthermore, each party shall estimate
15 the length of trial. The Court uses the parties' joint pretrial
16 statement to prepare its final pretrial order and could issue the
17 final pretrial order without holding the scheduled final pretrial
18 conference. <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir.
19 1999) ("There is no requirement that the court hold a pretrial
20 conference.").

21 Final pretrial procedures are "critical for 'promoting
22 efficiency and conserving judicial resources by identifying the
23 real issues prior to trial, thereby saving time and expense for
24 everyone.'" <u>Friedman & Friedman, Ltd. v. Tim McCandless, Inc.</u>,
25 606 F.3d 494, 498 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16
26 Advisory Committee Note (1983 Amendment to subdivision (c)).
27 "Toward that end, Rule 16 directs courts to use pretrial
28 conferences to weed out unmeritorious claims and defenses before

trial begins." Smith v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir. 1993). The parties are therefore provided notice that a claim or affirmative defense may be dismissed *sua sponte* if it is not shown to be triable in the joint final pretrial statement. Cf. Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir. 1981) (indicating that a party shall be provided notice and an opportunity to respond with facts sufficient to justify having a claim or affirmative defense proceed to trial); Portsmouth Square, Inc. v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985) (stating "the district court has . . . authority to grant summary judgment *sua sponte* in the context of a final pretrial conference").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on November 1, 2016.

VOLUNTARY DISPUTE RESOLUTION PROGRAM ("VDRP")

Since the parties state in the JSR that they "agree to participate in early neutral evaluation through VDRP[,]" this matter is referred to VDRP. (JSR 5:20-21.)

IT IS SO ORDERED.

Dated:  May 29, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge