STEPHEN M. HAYES (SBN 83583)
shayes@hayesscott.com
STEPHEN P. ELLINGSON (SBN 136505)
sellingson@hayesscott.com
LAUREN M. CASE (SBN 280629)
lcase@hayesscott.com
**HAYES SCOTT BONINO**
**ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Suite 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071


Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY


CRAIG A. MILLER (SBN 116030)
cmiller@craigmillerlaw.com
PATRICK A. CALHOON (SBN 249149)
pcalhoon@craigmillerlaw.com
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone:  (619) 231-9449
Facsimile:  (619) 231-8638


Attorneys for Plaintiffs
HAROLD and DOROTHY BENNETT and
DOROTHY PICKERING as Conservator of the Person
and Estate of Harold Bennett


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

| | |
|---|---|
| HAROLD and DOROTHY BENNETT,<br><br>Plaintiffs,<br><br>vs.<br><br><br>STATE FARM GENERAL INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.  1:14-CV-01377 GEB JLT<br><br>**STIPULATION AND ORDER GRANTING STIPULATION MODIFIED BY THE COURT FOR A PROTECIVE ORDER**<br><br>**(Doc. 27)** |

621048

-1-

# I.
## STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF STATE FARM'S DOCUMENTS

Defendant State Farm General Insurance Company ("State Farm") and Dorothy Pickering, Plaintiff for decedent Dorothy Bennett and Conservator for Plaintiff Harrold Bennett ("Plaintiff") hereby stipulate to the following protective order with respect to and to accommodate State Farm's production of certain documents in response to requests for production of documents propounded in this matter.

# II.
## PRODUCTION OF DOCUMENTS AND CUSTODY OF THE SAME

State Farm will produce responsive documents to Plaintiffs' document requests (the "Documents") that have been requested and withheld based upon the proprietary, trade secret, confidential objections, without waiving those objections.  The documents requested contain information that is protected as proprietary, confidential, and includes trade-secrets.  As such, a court Order is necessary to protect State Farm's Documents containing proprietary, confidential, and trade secret information, and to bring within the Court's jurisdiction any person who makes an improper disclosure of those Documents.  Production of those Documents hereinafter specified shall take place by mail from and/or at:

Hayes Scott Bonino Ellingson & McLay, LLP
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065

and shall proceed in the following manner:

a)      This Order shall be served on all parties;

b)      All parties and counsel for all parties herein shall be subject to the Court Order for the purpose of limiting the dissemination of the Documents produced hereunder;

c)      Those persons viewing the requested Documents or copies of the same shall agree to the terms and conditions set forth in the Inspection and Viewing Record Agreement attached hereto; and

d)      Copies of all Documents produced by State Farm shall be designated

"CONFIDENTIAL DOCUMENTS SUBJECT TO STIPULATION AND COURT ORDER" or a form of similar effect.

      e)      In the event the parties agree to produce any documents pursuant to this stipulation in advance of the court's execution of the order, the parties hereby agree to fully abide by their respective rights and obligations herein as a stipulation and contract and as though this stipulation was approved and ordered by the court.

## III.
## PERSONS AUTHORIZED TO TAKE CUSTODY

      Only attorneys for parties of record, and law clerks, secretaries, translators, and qualified stenographers for said attorneys, and any experts actually hired for consultation and/or testimony in connection with this case, shall be allowed to view and retain custody of copies of the "Documents" or notes taken therefrom.

## IV.
## PROCEDURE FOR GRANTING CUSTODY

      Prior to granting custody of copies of the subject Documents or notes taken therefrom, each person who is to take such custody shall be brought within the personal jurisdiction of the Court, including its contempt power, by signing a copy of this order signifying agreement to its provisions and consent to jurisdiction of the Court over his or her person for any proceedings involving alleged improper disclosures.  Each such signature shall be made under penalty of perjury.

      The failure to have each person sign a copy of this order prior to granting custody of copies of the subject documents or notes taken therefrom, will result in the prohibition of the parties using these documents for any purpose including this case.

## V.
## INSPECTION AND VIEWING RECORD AGREEMENT

      No person shall be allowed or authorized to examine any portion of said Documents or notes arising therefrom, or to discuss the contents of either, until such persons has:

      (1)      Read this Court Order; and

      (2)      Completed and signed the "Inspection and Viewing Record Agreement" attached hereto as Exhibit "A".

621048

-3-

## VI.
## JURISDICTION

Each person signing the "Inspection and Viewing Record Agreement" thereby agrees to be subject to the jurisdiction of this Court for contempt and other appropriate proceedings in the event of an alleged violation of this Protective Order.

## VII.
## NON-DISCLOSURE

No person authorized hereunder to view copies of the Documents or to make notes therefrom, may disclose any portion of the subject matter or contents of either any person not authorized hereunder.

## VIII.
## NON-DISSEMINATION

The Documents, copies of any portion of the same, contents of the Documents itself and all notes arising from examination of said Documents, as well as discussions of the contents thereof, shall be used only in connection with the present case of *Harold Bennett, et al v. State Farm General Ins. Co.,* United States District Court – Eastern District, Case Number 1:14-CV-01377 GEB, and shall be used for no other purposes whatsoever including, but not limited to, other lawsuits, actions, claims or demands.

## IX.
## ALL DOCUMENTS REVEALED TO THE COURT SHALL BE SEALED

All motions or other Documents filed with the Court, if any, which reveal any portion of the contents of the Documents, or notes arising therefrom, shall be sought to be filed under seal. ~~in a sealed envelope directly with the United States District Court – Eastern District and shall be considered sealed Documents until further order of the Court.~~  At any hearing or proceeding in which any Document covered by this order is referred to, revealed or discussed, either party can request that the hearing or proceeding be conducted in chambers.  As to ~~A~~any records made of such proceedings, either party can request the proceedings ~~shall also~~ be sealed ~~until further order of the Court, if any~~.

In the event a party wishes to file a protected Document under seal, the party SHALL

comply with Local Rule 141.  Issuance of this protective order alone, is insufficient justification for filing protected Documents under seal.

Notably, this Court's Local Rule 141 sets forth how a request to seal documents should proceed.  First, the requesting party should file on the public docket a Notice of Request to Seal Documents.  L.R. 141(a).  Concurrently with this filing, the requesting party must lodge an unredacted copy of the documents sought to be sealed.  Also, the requesting party must lodge a Request to Seal Documents, which addresses the specific pages of the documents sought to be sealed and the information contained thereon and provides an explanation for why the information should be shielded from public view.  L.R. 141(b).  Ideally, at this time, the moving party would lodge also a proposed redacted copy of the documents with the confidential information obliterated, if any portion of the document is not subject to sealing.  The email containing this lodged information must be "carbon copied" to opposing counsel unless there is sufficient explanation set forth why the matter should proceed ex parte.  If there is no objection to the request to seal (L.R. 141(c)), the Court must determine whether each of the pages of the document should be shielded from public view or to what extent they should be.

## X.
## NON-WAIVER

The production of the subject Documents for inspection, viewing and custody shall not constitute a waiver of State Farm's right to claim in this lawsuit or otherwise, that said Documents or any Documents described therein are privileged or otherwise non-discoverable or admissible.

## XI.
## SURRENDER OF DOCUMENTS

At the conclusion of the subject litigation, all documents provided, and any copies thereof, under this protective order shall be returned to State Farm's counsel, with a declaration, signed by Plaintiffs' counsel under penalty of perjury, that all documents provided, and any copies thereof, under the protective order have been returned to State Farm's counsel.  The Documents are to be returned as soon as possible and no later than seven (7) days from the date of the dismissal of the action with the declaration.

621048

-5-

**IT IS SO STIPULATED.**

Dated:  September 8, 2015          LAW OFFICES OF CRAIG A. MILLER


By_/s/ Patrick Calhoon (as authorized on September 8, 2015)
          CRAIG A. MILLER
          PATRICK A. CALHOON
          Attorneys for Plaintiffs
          HAROLD and DOROTHY BENNETT


Dated:  Septmebr 8, 2015          HAYES SCOTT BONINO ELLINGSON & McLAY, LLP


By_____/s/ Lauren M. Case_____
          STEPHEN M. HAYES
          STEPHEN P. ELLINGSON
          LAUREN M. CASE
          Attorneys for Defendant
          STATE FARM GENERAL INSURANCE
          COMPANY


**[~~PROPOSED~~] ORDER**

Based upon the stipulation of the parties, the Court **ORDERS**:

The stipulation for the protective order is **GRANTED as MODIFIED** by the Court as set forth above in paragraph IX.

IT IS SO ORDERED.

Dated:   **September 9, 2015**          **/s/ Jennifer L. Thurston**
                              UNITED STATES MAGISTRATE JUDGE

**STIPULATION & PROTECTIVE ORDER RE PRODUCTION OF STATE FARM'S DOCUMENTS – CASE NO. 1:14-CV-01377 GEB**