# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD BENNETT, et al., | Case No.: 1:14-cv-01377 DAD JLT |
| Plaintiffs, | ORDER DENYING STIPULATION TO AMEND THE SCHEDULING ORDER |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY, | (Doc. 42) |
| Defendant. | |

Before the Court is the stipulation of counsel to amend the scheduling order. (Doc. 42) In the stipulation, the parties indicate they have pursued discovering this case diligently but provide no factual basis to support this conclusion. Because the stipulation fails to demonstrate good cause for the amendment, the stipulation is **DENIED**.

I.   **Background**

Nearly a year ago, on May 29, 2015, the Court issued the case scheduling order. (Doc. 19) At the request of counsel, on November 20, 2015, the Court amended the case schedule. (Doc. 34) At that time, counsel reported that they "will not be ready to make initial expert witness disclosures by the current deadline." Id. at 2.

On January 11, 2016, after the case was reassigned to a different District Judge, the Court amended the case schedule once again. (Doc. 37) At that time, the Court extended the expert discovery deadline to May 20, 2016. Id. at 3. Less than a month later, counsel filed a stipulation requesting the

Court amend the case schedule further. (Doc. 38) Using nearly the exact same language as the previous stipulation, counsel again reported they had acted diligently but that "it will be difficult to engage in expert disclosures by the current deadline . . ." Id. at 2. Counsel did not describe the nature of the "difficulty." However, counsel assured the Court, "The parties do not anticipate any issues meeting [the case schedule] deadlines under the new dates for expert disclosures and deadline for all discovery." Id. The Court granted the request and extended the discovery deadline to July 19, 2016, along with extending the dates related to expert disclosures. (Doc. 39 at 4)

Now, once again, counsel seek to amend the case schedule.[1] Using the exact same language as they have used twice before in the previous stipulations, they claim they have worked diligently to complete discovery. (Doc. 42 at 2) They report also that they plan to engage in settlement efforts and would like to defer further discovery efforts until that process is completed. Id.

**II.     Analysis**

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by a court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610 (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion,

---

[1] On February 29, 2016, the matter was, once again, reassigned to a different District Judge. (Doc. 41) As a result, the Court re-set the pretrial and trial dates. Id. However, these changes are irrelevant to the current request.

> the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

As noted above, counsel have made no showing to support their conclusion they have acted diligently. To show diligence, in the Court's view—especially given the number of extension provided by the Court already—counsel were obligated to detail the discovery each side has completed and the discovery yet to complete. They should have explained why they did not complete the needed discovery earlier and why they could not have done so. Finally, they should have explained why they cannot complete the discovery within the deadlines[2] set by the Court. Thus, they have failed to make a sufficient showing to justify amendment of the case schedule. Johnson, 975 F.2d at 609.

On the other hand, they report they have selected a mediator and will participate in mediation in June 2016. Though the Court applauds these efforts, counsel fail to provide any explanation why—given they feel discovery while settlement efforts proceed is unwieldy—they did not attempt settlement earlier or schedule the mediation sooner. Likewise, the stipulation does not contend that the deadlines set forth in the case schedule have become unworkable due to "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference"(Jackson, at 608). To the contrary, settlement is a circumstance that they should have anticipated from the onset of the case. Thus, counsel have failed to demonstrate good cause to amend the case schedule. Thus, the stipulation to amend the case schedule is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 6, 2016**          /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] These deadlines, notably, were proposed by counsel. Thus, the Court is unclear why counsel suggested dates that were unworkable for them.