STEPHEN M. HAYES (SBN 83583)
shayes@hayesscott.com
STEPHEN P. ELLINGSON (SBN 136505)
sellingson@hayesscott.com
HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Suite 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY


CRAIG A. MILLER (SBN 116030)
cmiller@craigmillerlaw.com
PATRICK A. CALHOON (SBN 249149)
pcalhoon@craigmillerlaw.com
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone:  (619) 231-9449
Facsimile:  (619) 231-8638

Attorneys for Plaintiffs
HAROLD and DOROTHY BENNETT and
DOROTHY PICKERING as Conservator of the Person
and Estate of Harold Bennett

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

| | |
|---|---|
| HAROLD and DOROTHY BENNETT,<br><br>         Plaintiffs,<br><br>    vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>         Defendant. | CASE NO.  1:14-CV-01377 DAD-JLT<br><br>***AMENDED* STIPULATION AND [PROPOSED] ORDER TO PARTIALLY REVISE THE COURT'S SCHEDULING ORDER**<br><br>**(Doc. 44)** |

685497                                                      -1-

*AMENDED* STIPULATION & [PROPOSED] ORDER TO PARTIALLY REVISE COURT'S
SCHEDULE ORDER - CASE NO. 1:14-CV-01377 DAD-JLT

Plaintiffs and State Farm General Insurance Company ("State Farm"), by and through their respective counsel, hereby stipulate to revise the Court's January 11, 2016 Amended Status (Pretrial Scheduling) Order (Dkt. 37) as follows:

# I.
# RECITALS

1. The parties recently submitted a Stipulation and [Proposed] Order to Revise the Court's Scheduling Order. (Dkt. 42.) The Court denied the stipulation. (Dkt. 43.) The parties hereby submit a revised stipulation to address the comments in the Court's denial order.

2. This matter arises out of a fire at a business premises owned by plaintiffs Harold and Dorothy Bennett. Bennett Optical Research, Inc. ("BOR"), a corporation wholly owned by plaintiffs, operated its business at the insured premises. State Farm paid insurance policy benefits to plaintiffs following the fire, but the parties disputed the proper amount of the loss. Among other issues, plaintiffs contend they are entitled to loss of business income for a potential contract with the Missile Defense Agency, a division of the United States Department of Defense.

3. Plaintiff Dorothy Bennett is deceased. Plaintiff Harold Bennett became the subject of a disputed conservatorship proceeding in October 2014 based on his advanced dementia and Alzheimer's disease. Mr. Bennett's grandson, Matthew Bennett, and daughter, Dorothy Picking, both sought to be appointed conservator. Ms. Picking was appointed conservator in March 2015.

4. BOR's corporate status has been suspended by the California Secretary of State, and the company has ceased operations. Harold Bennett still is listed as its agent for service of process, but he has been unavailable since at least late 2014. The parties only recently were able to locate BOR's documents. Counsel for plaintiffs currently is reviewing those documents for privacy and privilege, especially since a large volume of BOR's business involved contracts with the DOD.

5. During State Farm's investigation of plaintiffs' claim, Mr. Bennett authorized Matthew Bennett to handle his claim for benefits arising out of the BOR fire. Matthew Bennett lived in the San Diego area until approximately early 2015 when he relocated to the Boston area to receive treatment for brain cancer, which included surgery and extensive chemotherapy. These issues impaired plaintiffs' ability to locate documents and witnesses.

685497                                     -2-

*AMENDED* STIPULATION & [~~PROPOSED~~] ORDER TO PARTIALLY REVISE COURT'S
SCHEDULE ORDER - CASE NO. 1:14-CV-01377 DAD-JLT

6. State Farm recently discovered that BOR had its own insurance through Allied Insurance, purchased through Darrell Silberberg at IWV Insurance Agency. The Allied policy may have provided additional coverage for damages related to the fire, but it was canceled shortly before the BOR fire. State Farm issued subpoenas to Allied and IWV, but they have not yet produced documents. State Farm is currently engaged in meet and confer efforts with both entities. Mr. Silberberg recently represented that he will produce his firm's and Allied's documents.

7. State Farm has been attempting to locate Arnold Danielson, a former employee of BOR who was involved in BOR's DOD contracts. State Farm has attempted service at two addresses identified on documents produced by plaintiffs, but has not been able to perfect service on him. One of these addresses appears to be an abandoned building in Ridgecrest, CA.

8. Despite these issues, the parties have engaged in extensive discovery to date:
- Comprehensive interrogatories and responses;
- Voluminous demands and production of documents;
- Engaged a private investigator to locate former BOR employees with knowledge of its DOD contracts;
- Issued document subpoenas to third parties IWV Insurance Brokers, James Lyle, CPA, LevitZacks CPA, United States Department of Defense, Arnold Danielson (former BOR employee), Cordell Construction, Herman Construction, architect Kiran Mehra, the Law Offices of Steven Boster, Dake, Braun & Monje, LLP, Ullakko Muranishi & Co., Bank of America and RA Capital Advisors;
- The parties scheduled the depositions of State Farm agents Roger Dorman and Lisa MacMillan in Ridgecrest, CA in April 2016. Mr. Dorman's deposition could not proceed because he fell ill the day before. Plaintiff's counsel was en route from San Diego to Ridgecrest when his car broke down, so Ms. MacMillan's deposition could not proceed.

9. The parties anticipated that they would be able to comply with previous deadlines proposed to and adopted by the Court. However, the parties did not sufficiently appreciate how their ability to complete discovery would be impacted by Harold Bennett's conservatorship proceeding,

BOR's effective dissolution and Matthew Bennett's cancer treatment in Boston.

10. In addition to the depositions of Mr. Dorman and Ms. MacMillan, plaintiffs currently anticipate taking the depositions of the State Farm claim representative and manager primarily responsible for handling the claim. State Farm currently anticipates taking the depositions of Matthew Bennett (assuming his health permits), Ms. Picking, Mr. Silberberg, Charles Cordell (Cordell Construction) and Steve Smidt (Herman Construction).

11. The current dates and deadlines are as follows:

- Initial expert witness disclosures is May 27, 2016;
- Rebuttal expert disclosures is June 17, 2016;
- Deadline for all discovery to be completed is July 19, 2016;
- Deadline for hearing of dispositive motions is July 19, 2016;
- Final pre-trial conference is August 22, 2016;
- The trial date is October 18, 2016.

12. The parties have agreed to submit this matter to Scott Dickinson at ADR Services for mediation. The parties have obtained several dates when Mr. Dickinson is available in June 2016 and are in the process of reconciling client and attorney schedules.

13. The parties believe they have been reasonably diligent given the unusual factors outlined above, which have impacted the ability to complete discovery. The parties also respectfully submit that the additional time they seek for expert disclosures and discovery will not impact the remaining dates and deadlines in the current Scheduling Order, including the dispositive motion deadline, pretrial conference or trial.

## II.
## STIPULATION

The parties hereby stipulate to the following revisions to the court's Scheduling Order:

1. Expert Disclosure      July 8, 2016
(currently May 27, 2016)

2. Expert Rebuttal      July 22, 2016

|   |   |
|---|---|
|   | (currently June 17, 2016) |
| 3. Deadline to complete all discovery | August 8, 2016 |
|   | (currently July 19, 2016) |

Dated: May 10, 2016        LAW OFFICES OF CRAIG A. MILLER

By   */S/ Craig A. Miller*
      CRAIG A. MILLER
      PATRICK A. CALHOON
      Attorneys for Plaintiffs
      HAROLD and DOROTHY BENNETT

Dated: May 10, 2016        HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

By   */S/ Stephen P. Ellingson*
      STEPHEN M. HAYES
      STEPHEN P. ELLINGSON
      Attorneys for Defendant
      STATE FARM GENERAL INSURANCE
      COMPANY

**[~~PROPOSED~~] ORDER**

Pursuant to the parties' stipulation[1], the Pretrial Schedule is revised as follows:

| | |
|---|---|
| 1. Expert Disclosure | July 8, 2016 |
|   | (currently May 27, 2016) |
| 2. Expert Rebuttal | July 22, 2016 |
|   | (currently June 17, 2016) |
| 3. Deadline to complete all discovery | August 8, 2016 |
|   | (currently July 19, 2016) |

---

[1] The Court notes that the stipulation is still unsatisfactory. For example, Mr. Bennett has been the subject of conservatorship proceedings since one month after this matter was removed to this Court. Likewise, Mr. Matthew Bennett has been undergoing treatment for his grave medical condition, sadly, for 14-16 months. The onset of both of these events occurred well *before* the Court issued its initial scheduling order on May 29, 2015. (Doc. 19) Moreover, it would seem that impediments to pursuing this case posed by these tragedies should have been known by that time but neither situation was mentioned as in impediment to completing the case. (Doc. 18) Matthew Bennett was not mentioned at all. Id. Likewise, neither situation was discussed in the other stipulations to amend the case schedules. (Docs. 29, 31, 32, 38, 42) Though counsel noted in the initial joint scheduling report that they did not know whether Mr. Bennett's conservatorship might impact the case (Doc. 13 at 4-5), apparently, became confident it would not do so because by the time counsel filed the amended status report they did not mention any concern. (Doc. 18)

685497                                -5-

*AMENDED* **STIPULATION & [~~PROPOSED~~] ORDER TO PARTIALLY REVISE COURT'S
SCHEDULE ORDER - CASE NO. 1:14-CV-01377 DAD-JLT**

**<u>Absolutely no further extensions of time as to any deadline are contemplated and counsel are admonished to redouble their efforts to meet the deadlines now in place.</u>**

IT IS SO ORDERED.

   Dated:   **May 12, 2016**                        **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE

685497     -6-

*AMENDED* **STIPULATION & [**~~PROPOSED~~**] ORDER TO PARTIALLY REVISE COURT'S SCHEDULE ORDER - CASE NO. 1:14-CV-01377 DAD-JLT**